THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS PACHECO, *alias* CARLOS PONCE, Defendant and Appellant.

No. 5642. Argued May 28, 1935.—Decided June 7, 1935.
Rehearing denied June 26, 1935.

M. *Rodríguez Ramos* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

■ The complaint before us charged the appellant and others with riot. This is the appeal of Carlos Pacheco. The evidence tended to show that on the 27th of December, 1933, there was a strike over the price of gasoline in Carolina; that the defendant Carlos Pacheco was admittedly the chief or director of the strike; that the principal witness Arroyo, a policeman, was trying to remove a tack from the tire of an automobile when the defendant and others came up. The court had a right to believe from the testimony of the policeman Arroyo and another witness that the said policeman was seized from behind by Carlos Pacheco; that the strikers, then or thereafter, deprived the policeman of his billy and his revolver.

The theory of the defendant was that he only intervened to help the policeman in suppressing the acts of the strikers, that he had no intervention in the direct assault against the policeman. The statement of the defendant was supported by other testimony. This produced a conflict in the evidence which the court was bound to resolve and we can not say on appeal that the court had not the right to believe beyond a reasonable doubt that the defendant took part and aided and assisted in the alleged riot.

■ It makes no difference that the record shows that the court immediately gave judgment without rendering an opinion. *Non constat* that the judge may have given his ideas verbally. Whether he did so or not could not affect in this court the result of his findings.

■ There was some discussion in the brief of the appellant of whether the peace of anybody was disturbed. The

whole evidence showed that a group of men tried to prevent a policeman from doing his duties and this we feel bound to hold constituted a riot. This conclusion is supported by the cases of *People* v. *Ortiz,* 17 P.R.R. 1149; *People* v. *Rios,* 31 P.R.R. 502; *People* v. *Alonso et al.,* 19 P.R.R. 426.

■ We may add that the appellant was not mistaken in maintaining that there were discrepancies in the testimony of the principal witness and others, but such state of facts is bound to occur almost in any trial and it is of the province of a jury or court to settle such discrepancies.

The judgment appealed from shall be affirmed.

ON MOTION FOR REHEARING

June 26, 1935.

MR. JUSTICE WOLF delivered the opinion of the court.

■ The action of the appellant in this case might be considered "tumultuous," as defined in section 368 of the Penal Code, and hence a breach of the peace within the statutory definition of riot, as follows:

"Sec. 359. Any use of force or violence, disturbing the public peace or any threat to use such force or violence, if accompanied by immediate power of execution, by two or more persons acting together, and without authority or law, is a riot."

■ However, the words "disturbing the public peace," when used to define a crime, do not necessarily presuppose any specific article defined in Title XV of the Penal Code. Murder is a crime against the public peace however quietly performed. Other felonies or misdemeanors, *qua* conspiracy, are crimes against the public peace. We can not give the words used in section 359 of the Penal Code any special significance other than a breach of the peace and order of a community. See *Weakley* v. *State,* 273 S.W. 374, 377; *Miles* v. *Oklahoma,* 236 Pac. 57, 44 A.L.R. 129; 48 C.J. 774; 8 R.C.L. 284, *et seq.;* 31 C.J. 613.

■ Taking the weapons of a policeman from him and preventing him from performing his duties by a single person, although a battery, would also disturb the peace of the policeman.

The motion for rehearing will be denied.